## Tripp *versus* City of Scranton.

In an action of debt for taxes, under the Act of May 23d, 1874, P. L., 230, sec. 37, it is not necessary to show that the tax is a lien on any particular real estate. It is enough that the tax was duly assessed against the defendant.

Before SHARSWOOD, C. J.; GORDON, PAXSON, STERRETT, and GREEN, JJ. MERCUR and TRUNKEY, JJ., absent.

Error to the Court of Common Pleas of *Lackawanna County.*

Debt, by the City of Scranton against Ira Tripp, to recover city tax, as registered in the city lien docket. The Act of May 23d, 1874, P. L., p. 230, provides, *inter alia :*

" SECTION 36. After the first day of January, in each and every year, the city treasurer shall place correct and detailed statements of taxes, respectively due on real estate, in the possession of the city solicitor, who shall cause the said taxes upon real estate remaining unpaid, to be registered in the name of the city, if city taxes, and in the name of the proper school district, if school taxes, and against the person or persons charged in the duplicates with the same ; or, if any property has been transferred, upon which such tax has been assessed, against the person or persons who may have become the owner or owners of (the) property, in the office of the prothonotary of the proper county, who shall keep a separate book for that purpose, to be called city-lien docket ; and all taxes so registered shall be and continue to be liens from the date of the levy thereof on the real estate upon which they have been assessed, for the term of five years. ˛ . . . .

" SEC. 37. That recovery may be had on claims for said taxes . . . . . registered in pursuance of this act, and the laws and ordinances of each of said cities, in the Court of Common Pleas for the proper county, by action of debt, to recover a general judgment against the debtor or debtors as now provided by law, or proceedings thereon may be had by *scire facias*, as in the case of mechanics' claims ; and the claims so registered shall be *prima facie* evidence of the amount thereof, and of the same being due and owing, and judgment shall be entered by default thereon, unless the defendant or defendants shall file his, her, or their affidavit of the nature of his, her, or their defence, as required in cases where the plaintiff has filed his copy of the cause of action in such court, and the judgment and process thereon shall be with like effect as in other cases : . . . . *And provided, further,*

That no such apportionment shall affect the personal liability of the owner at the time of the assessment or register for the whole amount of the tax, interest, and costs, including the per centum commission for delay of payment."

The city of Scranton is a city of the third class, and it accepted the provisions of the above act.

The lien filed was as follows:

" City of Scranton *v.* Ira Tripp:

" Common Pleas of Lackawanna County.    City tax, $244.28.    Levied October 21, 1877, $244.28.

" Scranton School District *v.* Ira Tripp:

"Common Pleas of Lackawanna County.    City tax, $156.60.    Levied January 2d, 1878, $156.60."

After the commencement of the present suit the plaintiff amended the record as follows:

" On motion, Court allows the tax lien in the above case to be amended by adding the following description:

"On real estate, consisting of a lot and two-story brick building, used for a store, on the west corner of Penn Avenue and Spruce Street, and a similar building on the corner of Wyoming Avenue and Linden Street, Eighth Ward; also on real estate in the First and Second Wards."

The defendant filed a special plea, setting forth "that there is no such lien filed as will support this action."

Upon the trial in the Court below, before HAND, A. L. J., the plaintiff offered in evidence the lien and lien-book. He then proved by the city clerk and his deputy, that the tax of Ira Tripp was assessed on real estate.

The defendant presented no testimony, and asked the Court to charge the jury that, under the evidence in the case, the plaintiff was not entitled to recover.

The Court charged the jury *inter alia:*

"The Act of Assembly makes the registry of the taxes evidence of the claim of the city.    The plaintiff has shown a registry of the taxes in this case; the only question is whether it was a tax upon real estate.    He has put in the duplicate of the city in the hands of the treasurer of the city, shows from the evidence that it is a tax upon a certain class of property which is only rated as real estate, as stated by the witness.    He has also put in the assessment books in the different wards in which this tax is levied, showing an assessment against this defendant in these wards upon real estate.    Upon this showing, we think, the plaintiff has made out a *prima facie* case, and is entitled to recover the amount of taxes shown, with interest upon the same from the time of the registry of the taxes down to the present day.

" [The defendant claims there is nothing to show where

[Tripp *v.* City of Scranton.]

this property is, that it is not properly defined, properly described, and that there is nothing to show here that this tax is a lien upon any particular real estate, that the plaintiff is obliged to pursue strictly in all respects the Act of Assembly which has been passed relating to city taxes, in a claim of this kind, where he sues personally against the defendant.] All these questions we hold against the defendant.

"We hold as matter of law that the plaintiff makes out her claim when she has shown an assessment upon real estate, and a registry of the taxes, and the production of that in evidence here. It is not a question of lien. If this was a *scire facias* upon this claim, by which they were pursuing any particular real estate, then the points made by the defendant might have some foundation ; but this is not an action of that kind, it is an action of debt against the defendant. The defendant would be entitled to show in this case as part of the defence that a mistake had been made, that he didn't own real estate, or that it had been conveyed to other parties prior to the assessment. Of course it would relieve him of the taxes. But a conveyance subsequent to the assessment of the taxes would not show a release from liability. It is provided in this very act that no conveyance of real estate, dividing up of real estate and apportioning it among different owners, shall affect the personal liability of the owner from the time of the assessment for the whole amount of tax, and costs and commission for delayed payment. [Taking this whole act together, we think the plaintiff has made out her case and is entitled to recover. You will, therefore, render a verdict for the plaintiff for the sum of two hundred and forty-four dollars and twenty-eight cents, and the interest.]"

January 20th, 1882. Verdict for the plaintiff for $244.28, upon which judgment was afterward entered.

The plaintiff then took a writ of error, assigning as errors those portions of the charge within brackets.

*I. J. Post,* for plaintiff in error.

There must be some certain and definite assessment and lien as a foundation for an action : Allentown *v.* Horwer, 9 W. N. C., 199 ; Pittsburgh *v.* Cluley, 16 P. F. Smith, 449.

The assessment does not show the particular property against which the tax is assessed, and even the assessor was not called to show what land was assessed. The duplicate furnished the city treasurer does not show any particular real estate, and the so-called lien filed by the city solicitor does not even show that the tax is on any real estate, but combines taxes, both school and city, for different years, and

taxes for two different years, and in three different wards. The so-called amendment allowed by the Court is not filed as an amendment to the lien, but is filed in this suit, and the Court calls it an amended statement. But there is nothing to sustain it or to found it on, and it does not even state in what State or city the land is situated; yet the city solicitor, with nothing to base it on, assumes to say that the tax is on the real estate designated by him, which, in his opinion, is the proper real estate to levy the tax on. This suit is an action of debt on a lien, and the foundation of the action must be in a proper and legal form before any action can be sustained on it.

*I. H. Burns*, for defendant in error.

The question of lien does not enter into the case at all, for we are not seeking to enforce a lien against any particular property, but simply to recover a debt owing by Ira Tripp to the city of Scranton: Matthews *v.* Scranton.

MARCH 6TH, 1882.—PER CURIAM: The Act of May 23d, 1874, section 37, Pamph. L., 230, expressly provides that recovery may be had on claims for taxes, "by action of debt to recover a general judgment, or proceedings may be had by *scire facias*, as in the case of mechanics' claims." In the former case it is clearly not necessary to show that the tax is a lien on any particular real estate.

It is enough that the tax was duly assessed against the defendant.

Judgment affirmed.